IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| NINA SHAHIN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 17-413-LPS |
| | : Court of Common Pleas of the State of |
| DALE BONEY, et al., | : Delaware in and for Kent County |
| | : C.A. No. CPU5-14-000682 |
| Defendants. | : |

Nina Shahin, Dover, Delaware. Pro Se Plaintiff.

Daniel A. Griffith, Esquire, Whiteford, Taylor & Preston, L.L.C., Wilmington, Delaware. Counsel for Dale Boney.

## **MEMORANDUM OPINION**

March 13, 2018
Wilmington, Delaware

**STARK, U.S. District Judge:**

Plaintiff Nina Shahin ("Shahin"), who proceeds *pro se*, filed a formal petition for transfer of a case she filed in the Court of Common Pleas for the State of Delaware in and for Kent County, *Shahin v. Boney*, C.A. No. CPU5-14-000682. (D.I. 1) The petition was docketed as a notice of removal. For the reasons discussed below, the Court will summarily remand the case to the Court of Common Pleas for the State of Delaware in and for Kent County.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Shahin filed this case in the Court of Common Pleas in September 2014 against Defendants Dale Boney ("Boney") and State Farm Automobile Insurance Company ("State Farm"). (D.I. 1) She alleged that Boney, a police officer for the City of Dover, issued her a citation and fabricated a police report that caused State Farm to deny Shahin's claim for reimbursement for damages caused to her vehicle as a result of an accident between Shahin and another driver. (*See* D.I. 9-1 at 2) On April 13, 2016, the Court of Common Pleas granted Boney's motion to dismiss by reason of immunity under the County and Municipal Tort Claims Act, 10 Del. C. § 4011. Thereafter, Shahin filed a motion for relief from judgment and requested a transfer of the matter to this Court pursuant to 10 Del. C. § 1902. (D.I. 13-5 at 2-8) On July 19, 2016, the Court of Common Pleas denied both the motion and the request. (*See id.*) The Court of Common Pleas stated that, "the plaintiff's claim has been adjudicated and based on the face of the Complaint and the law, the Court had subject matter jurisdiction over the plaintiff's claim. Furthermore, the plaintiff failed to follow the proper procedure for bringing her claim in federal court." (*Id.* at 6)

Next, on August 19, 2016, Shahin filed a "motion 'election' for initiation of the process to transfer the case to federal court . . . under 10 Del. C. § 1902 and 42 U.S.C. § 1983." (D.I. 13-6 at 2-9) On January 23, 2017, the Court of Common Pleas denied Shahin's "election," noting that the claim against Boney had been dismissed and there is no claim to transfer. (D.I. 13-7 at 2-3) In

addition, the Court of Common Pleas explained that 10 Del. C. § 1902 "only provides an avenue of relief for the transfer of civil cases between State courts for lack of civil jurisdiction. Section 1902 does not provide for the transfer of cases to federal courts." (*Id.* at 3) Shahin moved for reconsideration. (*Id.* at 4-8) On March 28, 2017, the Court of Common Pleas denied the motion for reconsideration of the denial of transfer. (*Id.* at 9)

Shahin then filed the petition to transfer (filed as a notice of removal on April 11, 2017). (D.I. 1) However, she continued with her filings in State court. Shahin filed a motion for reargument on her request to join an additional party, which was denied by the State Court on July 11, 2017. (D.I. 13-8 at 1) She filed a motion for relief from judgment on July 31, 2017, which was denied by the Court of Common Pleas on November 30, 2017. (*Id.* at 2-4) At that point, the Court of Common Pleas advised Shahin that it would not consider further motions made by her in the action and advised the only avenue left was an appeal to the Superior Court. (*Id.* at 4) Shahin filed a notice of appeal to the Superior Court of the State of Delaware in and for Kent County. *See Shahin v. Boney*, C.A. No. K17A-12-004 NEP. The Court takes judicial notice that the appeal is pending and a briefing schedule was entered on January 18, 2018.

On July 27, 2017, counsel for Boney advised the Court that, "it seems that an improperly filed letter by an aggrieved Plaintiff in a state court action was accepted as a "Notice of Removal" to this court." (D.I. 9) The Court construes the letter as a motion to remand. Shahin responded by filing a motion for leave of Court to file amendments to her original complaint by adding a second defendant, City of Dover. (D.I. 11) Next, Shahin filed a motion for sanctions against defense counsel. (D.I. 12) On December 12, 2017, Boney filed a motion to dismiss. (D.I. 13) Shahin responded to the motion on February 12, to which Boney replied on March 9. (D.I. 17, 19) On February 12, Shahin also filed an amended notice of transfer. (D.I. 15, 16)

2

## II. LEGAL STANDARDS

The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a), which states that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." In order to remove a civil action from state court to federal court, a district court must have original jurisdiction by either a federal question or diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332, 1441(a). Sections 1441(a) and 1443 both provide that the action may be removed by the defendant to the district court of the United States. *See id.* at §§ 1441(a), 1446. The removal statutes are strictly construed, and require remand to State court if any doubt exists over whether removal was proper. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941).

A court will remand a removed case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party seeking removal bears the burden to establish federal jurisdiction. *See Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, L.P.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002). In determining whether remand based on improper removal is appropriate, the court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. *Steel Valley Auth.*, 809 F.2d at 1010. Upon a determination that a federal court lacks subject matter jurisdiction, the District Court is obligated to remand, *sua sponte*, to the State court from which it was removed. *See Scott v. New York Admin. for Children's Services*, 678 F. App'x 56 (3d Cir. Feb. 28, 2017).

## III. DISCUSSION

Shahin's removal fails for a number of reasons. First, the removal statutes are construed narrowly, and doubts about removal are resolved in favor of remand. Second, removal by a plaintiff is not contemplated by 28 U.S.C. § 1446(a). By its plain language, the removal statute limits the rights of removal to the "defendant" or "defendants." *Gross v. Deberardinis*, 722 F. Supp. 2d 532, 534 (D. Del. 2010). Third, Shahin filed her petition for transfer, construed as a notice of removal, well beyond the 30 days allowed by § 1446(b). Fourth, the Court of Common Pleas construed Shahin's Complaint (*see* D.I. 19-1) as raising a civil tort action, finding no claim of a violation of federal law pursuant to 42 U.S.C. § 1983, and gave no weight to Shahin's argument in that regard. (D.I. 9-1 at 2, 3 n.1) There is also not complete diversity among the parties and, therefore, jurisdiction does not lie under 28 U.S.C. § 1332. Fifth, to the extent Shahin contends jurisdiction lies by reason of a federal question (although her position has been rejected), the removal statute provides that "all defendants" who have been properly joined and served must join in or consent to the removal of the action. *See e.g., Auld v. Auld*, 553 F. App'x 807 (10th Cir. Jan. 29, 2014) (removal defective when removing party clearly "lacked an objectively reasonable basis for seeking removal"); *Anderson v. Toomy, L.P.*, 2008 WL 4838139, at *3 (D. Utah Nov. 4, 2008) (only defendant may remove to federal court). It is unclear if both defendants even appeared in the Court of Common Pleas. Even if they did, the record is devoid of any demonstration that they both joined in or consented to the removal. Sixth, there is nothing left to remove. As stated succinctly by the Court of Common Pleas when denying Shahin's numerous requests to transfer this case from the Court of Common Pleas to this Court, "there is no claim against Boney to transfer."

The Court of Common Pleas case is not properly before this Court.

## IV.  CONCLUSION

For the above reasons, the Court will summarily remand the case to the Court of Common

Pleas of the State of Delaware in and for Kent County.  All pending motions will be denied as moot.

(D.I. 11, 12, 13)

An appropriate Order will be entered.