# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 17-413-LPS |
| | : |
| DALE BONEY, et al., | : Court of Common Pleas of the State of Delaware in and for Kent County |
| | : C.A. No. CPU5-14-000682 |
| Defendants. | : |

## MEMORANDUM

1. **Introduction.** Plaintiff Nina Shahin ("Shahin"), who proceeds *pro se*, filed a formal petition for transfer of a case she filed in the Court of Common Pleas for the State of Delaware in and for Kent County, *Shahin v. Boney*, C.A. No. CPU5-14-000682. (D.I. 1) The petition was docketed as a notice of removal. On March 13, 2018, the Court remanded the case to the Court of Common Pleas for the State of Delaware in and for Kent County. (D.I. 20, 21)

2. Plaintiff filed a motion for reargument, construed by the Court as a motion for reconsideration. (D.I. 24) Plaintiff moves for reconsideration on the grounds that there are errors in factual and procedural background, errors in judgment and application of legal standards, and the Court reached the wrong conclusion. Defendants oppose the motion.

3. **Motion for Reconsideration.** The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (internal citation omitted).

1

4. Plaintiff's displeasure with this Court's rulings does not meet the requisites for reconsideration. Plaintiff's motions fail on the merits because she has not set forth any intervening changes in the controlling law; new evidence; or clear errors of law or fact made by the Court in its two orders to warrant granting reconsideration. *See Max's Seafood Café*, 176 F.3d at 677. Nor does she address the fact that her claims were fully adjudicated in State Court. Nonetheless, once again the Court has considered the filings of the parties and the evidence of record. Plaintiff has failed to demonstrate any of the grounds to warrant a reconsideration. For these reasons, the motion will be denied. (D.I. 24)

5. **Conclusion**. The Court will deny Plaintiff's motion for reconsideration (D.I. 24). An appropriate order will be entered.

March 12, 2019
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE